## Rock Island and Peoria Ry. Co. v. Gustave Krapp.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence is conflicting, and that of either party considered alone would support a verdict for such party, the finding of the jury will not be disturbed by a court of appeal on the ground that it is not supported by the evidence.

2. DRAINAGE—*Rights of Owner of the Dominant Heritage.*—It is an elementary rule that the owner of the dominant heritage has the right to have water coming on his land, whether surface water or in running streams, follow the natural water-course without artificial obstruction.

3. LIMITATIONS—*When the Statute Begins to Run as to the Obstruction of a Stream.*—Where a natural water-course is obstructed and adjoining lands are thereby flooded, and damage inflicted on the owner of such lands, the cause of action accrues only with the flooding and consequent injury, and not at the time the obstructions are constructed, and the statute of limitations does not begin to run until the time of the flooding.

4. CITIES AND VILLAGES—*Village Held Not to Have Exercised its Power to Change the Course of a Stream.*—A railroad company was granted permission by ordinance to permanently change the natural course of a stream of water running through a village, and to fill up the old bed of the stream. *Held*, in a suit by an owner of adjoining property to recover damages for injury to his property, that the ordinance was in no sense an execution of the power granted to the village to change the channel of water-courses within its corporate limits, but was only a permissive grant to appellant for its private benefit, in the execution of which no shield was afforded against liability for damage to the property of any citizen.

**Trespass on the Case**, for injury to land. Appeal from the Circuit Court of Rock Island County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

HENRY CURTIS, attorney for appellant.

J. T. KENWORTHY and S. R. KENWORTHY, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

On the 8th day of August, 1889, by an ordinance of the village board of the village of Coal Valley, Rock Island county, permission was granted to the appellant to construct, maintain and operate a railroad track on South

Railroad street and across Frederick and Graham streets, in said village, and to construct and operate a side-track across Frederick street.  Also by the same ordinance the appellant was permitted to permanently change the natural course of a stream of water running through said village, known as Coal Valley Creek, by excavating a new channel therefor from a point on North Railroad street westwardly to a designated point below, and by filling the old bed of the stream.  Appellant, after the passage of the ordinance made the improvements therein mentioned, and so far as disclosed by the evidence, it alone was specially benefited thereby.

Appellee was the owner of lots 5, 6, 16 and 17, in block 2 of said village, and had been in possession thereof since the year 1884; resided thereon with his family, and conducted the business of retailing liquors, cigars and tobacco also upon the premises, the same being improved, both for residence and business purposes, he having on hand, as would seem from the evidence, a considerable stock of merchandise and family supplies at the time of the alleged injuries, for which this suit was brought.  In June and July, 1892, and after the improvements mentioned were made by appellant, several rains came, of more than ordinary volume, resulting in the flooding of the premises of appellee by the waters of the creek, whereby his property was destroyed and damaged; and this action was brought against appellant for the alleged wrongful change of the natural water-course, the construction of an insufficient new channel, and for wrongfully filling the old water channel, whereby the natural flow of the flood waters was obstructed and the premises of appellee thereby caused to be overflowed, and his property destroyed and damaged.

The trial was by jury, resulting in a verdict against the appellant for $1,800, and the trial court, after requiring a remittitur of $800, overruled appellant's motion for a new trial, and gave a judgment against it for $1,000, from which this appeal is prosecuted.  Various errors are assigned upon the record, and appellant insists the judgment of the Circuit Court should be reversed, chiefly because the verdict is

against the evidence, the court gave improper and refused proper instructions to the jury, the court admitted improper evidence, and the damages are excessive.

We have carefully examined the evidence contained in the abstract, in connection with the plats submitted to us, and have duly considered the briefs and arguments of the counsel for both parties, and are unable to agree with the counsel for appellant in his insistence that the verdict is not supported by the evidence. The principal contention of appellant upon this point, as we understand it, is, that independently of the new channel, and the filling of the old, in times of flood like that disclosed by the evidence, the premises of the appellee would have been submerged and damaged as they were in this instance. Opposed to this contention appellee insists the overflow of the water by which he was damaged would have passed through the old channel, and over the bottom land contiguous to it if left in the state of nature, without damage to him. These opposite contentions formed a leading issue of fact for the jury to determine. Much evidence was introduced by both parties upon this point, which was conflicting, and that of either, considered alone, would support a finding for such party. When the evidence in the record is found to be in such a state by an appellate court, it has been often said the verdict of the jury will not be disturbed on the ground it is not supported by the evidence. The advantage of the jury and trial court in seeing and hearing the witnesses, is considered of high importance in such cases.

Independently of this question, however, we have considered the evidence to the extent of being satisfied with the verdict. The evidence tended to show and it may well be believed that during the freshet the grade of the railroad tracks impeded the overflow, until by the force of the accumulated waters the embankment was broken in the direction of the original channel, forming a gutter through which the waters subsided.

Whether the accumulation of the waters, causing the floods in question, be regarded as waters naturally flowing in the running stream, or the aggregation of surface waters

producing the overflow, the rule of law applicable to the dominant heritage would be the same as prescribed in Peck v. Herrington, 109 Ill. 618, citing Gillham v. Madison County R. R. Co., 49 Ill. 484, where it was said: " Although there was a conflict of authorities among the courts of this country, yet, the rule forbidding the owner of the servient heritage to obstruct the natural flow of surface waters, was not only the clear and well-settled rule of the civil law, but had been generally adopted in the common law courts both in this country and England.   The cases asserting a different rule for surface waters and running streams furnish no satisfactory reason for the distinction."

By the elementary rule of the law, whether the waters be surface or running streams, appellee, in case of an extreme flood, was given the right to have the overflow follow the natural water-course, without artificial obstruction.   We think the preponderance of the evidence proves that the filling of the old channel of the running stream and the construction by appellant of the grade for the railroad tracks obstructed the natural course of the overflow of the waters in times of extreme flood, thereby causing it to be held back upon the premises of appellee.

The appellant pleaded the statute of limitations, but we think the cause of action accrued only with the flooding and consequent injury, and not merely at the time the improvements were constructed.

It is also urged the improvements were made by authority of the village board under the statute conferring power to change the channel of water-courses within the corporate limits of cities and villages, and therefore appellant should not be held liable for the exercise of such power by the village authorities.   We think the ordinance in question was in no sense an execution of the powers of the statute on the part of the village board for any public purpose, but only a permissive grant to appellant for its private benefit, in the execution of which no shield was afforded against damage to the property of any citizen.

The objection to the testimony of appellee and other

witnesses as to matters of opinion was not made in the trial court, and can not be considered here for the first time, and the argument of counsel upon this point can not therefore avail. The only objection made on the trial was to the question propounded to the witness, and the question being a proper one, the objection was overruled by the court. In responding to the question, the witness may have made improper answer. No objection appears to have been made to such answer, nor was any motion made to exclude the same, and therefore the trial court was not required to rule upon it, and for that reason this court can not.

Much complaint is made by counsel for appellant of several of the instructions given by the court to the jury. If the instructions, to which the criticism is directed, stood alone, we might be disposed to take a different view of them; but when considered with all the other instructions given by the court to the jury, we think the law was fully and most favorably given for the appellant, and no just grounds remain for complaint in that respect. All that was proper in the refused instructions, to which our attention has been directed, was contained in those given to the jury. In view of all the evidence, we do not think the damages for which judgment was rendered are excessive.

Finding no reversible errors in the record and proceedings of the Circuit Court its judgment will be affirmed.